IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:05-526-HMH |
| vs. | ) | |
| | ) | |
| Sean Burnett Thomas, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Sean Burnett Thomas's ("Thomas") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Thomas's § 2255 motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2005, Thomas pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with the intent to distribute 100 grams or less of heroin. On October 4, 2005, Thomas was sentenced to one hundred fifty-one (151) months' imprisonment. Thomas did not appeal his sentence. On November 3, 2006,[1] Thomas filed the instant § 2255 motion challenging his sentence.

II. DISCUSSION OF THE LAW

In his § 2255 motion, Thomas states that there was no factual basis for his guilty plea as required by Rule 11(b)(3)[2] of the Federal Rules of Civil Procedure and that he was denied

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] In his brief, Thomas cites Rule 11(f) of the Federal Rules of Civil Procedure. However, it is clear from his argument that Thomas is relying on Rule 11(b)(3), which recodified the former Rule 11(f).

1

effective assistance of counsel because his attorney, James F. Brehm ("Brehm"), failed to object to the lack of a factual basis for Thomas's guilty plea. Further, Thomas argues that his conviction must be reversed because the court lacked jurisdiction to accept his guilty plea due to defects in the indictment.

### A. Factual Basis for Thomas's Plea

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Thomas must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Thomas must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Thomas alleges that the court violated Rule 11 of the Federal Rules of Criminal Procedure because there was an insufficient factual basis for the charge. In support of this argument, Thomas asserts that the facts presented by the government indicated only that he had completed an isolated sale, not that he was a participant in the conspiracy. Further, Thomas alleges that Brehm was constitutionally ineffective for failing to object on the grounds that there was no factual basis for his guilty plea.

Rule 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." This provision ensures that the defendant's

"admissions are factually sufficient to constitute the alleged crime." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

During the Rule 11 colloquy, the court adequately informed Thomas that the indictment charged that "beginning on a time unknown to the Grand Jury but beginning at least about January 1, 2005 and continuing to the date of the indictment, . . . [Thomas] knowingly and intentionally did enter into an unlawful conspiracy to unlawfully possess with the intent to distribute and to distribute 100 grams or more of heroin." (Guilty Plea Tr. at 19.) After this instruction, the court noted that "Mr. Sean Thomas, it has been pointed out to me that the statutory provision affecting your case is in a case of less than 100 grams of heroin." (Id. at 20.) Further, the court advised Thomas that the relevant statute carried no mandatory minimum sentence and a maximum sentence of twenty years. (Id. at 20.) The court informed Thomas of the elements of the offense as follows: "that the conspiracy as described in the indictment was willfully formed and was existing at or about the alleged time; and that [Thomas] willfully became a member of the conspiracy." (Id.) Thomas confirmed that he understood the charge against him, its elements, and its sentence range. (Id. at 20-21.)

Additionally, a sufficient factual basis for the charge was established during the Rule 11 colloquy. The facts presented to the court were as follows:

> [I]n February of 2005 Spartanburg City and County Narcotics Officers joined together with the FBI to investigate the heroin trafficking in the Spartanburg area. Together they developed a C.I. who agreed to assist in the investigation the activities of Sims, Moss and Gibson who are the other co-defendants. Extensive surveillance was conducted. Seven undercover buys of heroin by members of the conspiracy took place. During the surveillance it was revealed that each time the C.I. arranged telephonically to purchase heroin from one of the three, each left from and returned to Mr. Sims' residence located at 134 White Oak Road. At the time of the arrest on state arrest warrants on March 24th, 2005, Sims, Moss and Gibson were all found to be in possession on their persons of less than a gram of heroin packaged for distribution. A search of Mr. Sims' residence revealed 94.8 grams of heroin as well

>as scales and packaging materials. Mr. Sims offered to cooperate and informed officers he was awaiting a call from his supplier, that he could not get in touch with his supplier, the supplier had to call him. And he was scheduled to receive 70 grams of heroin shortly following his arrest, within the next hour or two. The call did come through, Your Honor. And Mr. Thomas in fact delivered 70.5 grams of heroin to Mr. Sims as the officers waited in his house. This was a prearranged delivery. It had been arranged prior to Mr. Sims' arrest.

(Guilty Plea Tr. at 38). Thomas agreed with the summary. Further, the court asked, "[d]id . . . you as charged in this indictment on or about at least January 1, 2005, continuing until the date of the indictment knowingly enter into an unlawful conspiracy of possession with intent to distribute heroin, a Schedule I controlled substance?" and "are you guilty of Count 1 of the indictment?" (Id. at 38.) Thomas answered both questions affirmatively. (Id.)

After reviewing the transcript, the court finds that a factual basis supported Thomas's plea. Further, "[b]y pleading guilty, [Thomas] relinquished his right . . . to challenge the sufficiency of the evidence presented as a factual basis for his guilty plea." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thomas was adequately informed of the charges against him and the facts supporting the charges. Therefore, because a factual basis supported Thomas's guilty plea, Brehm's conduct in failing to object to the Rule 11 colloquy did not fall below an objective standard of reasonableness. Further, even if it did, Thomas cannot prove prejudice.

**B.     Jurisdiction**

Thomas argues that the district court lacked jurisdiction to accept his guilty plea because of defects in his indictment. Specifically, Thomas argues that the indictment charged him with violating 21 U.S.C. §§ 841(a)(1) and 846 based upon a conspiracy involving 100 or more grams of heroin pursuant to 21 U.S.C. § 841(b)(1)(B)(i), and that he pled guilty to violating 21 U.S.C.

4

§§ 841(a)(1) and 846 based upon a conspiracy involving 70 grams of heroin pursuant to 21 U.S.C. § 841(b)(1)(C).

Contrary to Thomas's argument, "defects in an indictment do not deprive a court of its power to adjudicate a case." United States v. Cotton, 535 U.S. 625, 630 (2002). Further, "[a] voluntary, knowing, and intelligent guilty plea waives all nonjurisdictional defects, including a right to challenge factual guilt of the charges." United States v. Dyess, 293 F. Supp. 2d 675, 686 (D.S.C. 2003). Thomas voluntarily, knowingly, and intelligently pled guilty to violating 21 U.S.C. §§ 841(a)(1) and 846 based upon a conspiracy involving 70 grams of heroin pursuant to 21 U.S.C. § 841(b)(1)(C). Based on the foregoing, Thomas's argument that the court was without jurisdiction to sentence him due to defects in the indictment is without merit.

Therefore, it is

**ORDERED** that Thomas's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 11, 2006


### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.